LILLY C. SNELL v. JAMES GLASGOW.[1]

June 26, 1903.

Nos. 13,501—(142).

**Contract with School Teacher.**

A county superintendent of schools, at the request of the board of education of an independent school district, made under G. S. 1894, § 3810, examined plaintiff as to her competency to teach in the public schools, and issued to her a proper certificate of qualification. *Held,* that such certificate was issued to her by the county superintendent in virtue of his office, and duly qualified plaintiff to teach in the schools of the county, until revoked; and even though section 3810, under which the board of education requested him to make such examination, may have been repealed prior to the issuance of the certificate, or subsequently thereto, the contract entered into by plaintiff with such board of education, based upon such certificate, was valid and binding.

Appeal by defendant from an order of the district court for Clay county, Baxter, J. Affirmed.

*Houpt & Field,* for appellant.

*F. H. Peterson,* for respondent.

BROWN, J.

Mandamus to compel respondent, president of the board of education of the city of New Barnesville, to sign certain warrants on the

[1] Reported in 95 N. W. 881.

treasurer of his district, issued by the clerk thereof, in payment of the salary of petitioner as one of the teachers of its schools. The court below made an order directing a peremptory writ to issue, from which defendant appealed.

The facts are as follows: Appellant is the president of the board of education of the city of New Barnesville, an independent school district. In April, 1902, plaintiff was duly employed by the board of education of said district to teach certain grades therein during the ensuing year at a salary of $50 per month, and a written contract to that end was made and entered into by the parties. Acting under this contract, plaintiff taught the grades assigned to her, and at the commencement of this proceeding was entitled to the sum of $100 for two months' services. On October 24 the clerk of the district drew two warrants on the treasurer thereof for the compensation so due plaintiff, and the same were presented to appellant, president of the board, for his signature. He refused to sign them, and this proceeding followed.

The question presented for the consideration of the court is whether at the time plaintiff entered into the contract with the district she possessed a proper certificate of qualification. The contention of appellant is that she did not; that a certificate previously issued to her, and possessed by her at the time the contract was entered into, and upon which she now relies, had become inoperative; and that in consequence the contract with the board of education was void.

It appears that in 1895 the county superintendent of schools of Clay county, in which New Barnesville is located, at the request of the board of education of this district—the request being made under G. S. 1894, § 3810—examined plaintiff as to her qualifications in the several branches taught in the public schools, and, as a result thereof, issued to her, in proper form, a certificate entitling her to teach in said district, which was thereafter approved by the school board. She was then employed by the board, and has continued in its employ every year since; the board having accepted and acted upon the certificate issued to her by the county superintendent as being in all respects a sufficient qualification. But it is contended by appellant that section 3810, under which it is claimed the certificate was issued, was repealed, by Laws 1893, p. 147 (c. 34), two years prior

to its issuance; that the certificate so issued was a nullity, for the reason that no authority existed therefor at the time it was issued, and it is ineffectual as a qualification to plaintiff to teach in the schools of the state; and, further, that by the express repeal of that section of the statute by Laws 1899, p. 479 (c. 354) conceding that the section was not repealed by the act of 1893, plaintiff's certificate terminated and became null and void; that the express repeal of the statute authorizing its issuance operated to cancel it and destroy its force and effect.

We do not deem it necessary to enter into a consideration or discussion of the question whether section 3810 was repealed by implication by the act of 1893, or whether its express repeal by the act of 1899 operated to extinguish or cancel certificates theretofore issued under it by the board of education, for a determination of either question would not necessarily be decisive of the case. The certificate under which plaintiff was employed was issued by the county superintendent of schools by virtue of his position as such, and it effectually clothed her with authority to teach in the public schools of the county. It was permanent, not limited as to time, and, so long as recognized and treated by the board of education as valid and subsisting, sufficient to enable her to enter into a binding contract. It was none, the less effectual because the examination as to her qualifications was made by the county superintendent at the instance of the board of education. Notwithstanding that the examination was so conducted and had, he proceeded in fact by his authority as county superintendent, not by authority of section 3810, and, in virtue of his office, issued the certificate. It was his certificate, not that of the board of education.

The order appealed from is affirmed.